FILED'06 MAR 02 09:56USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH R. KEIFER,                                    Civ. No. 02-3030-TC

                       Plaintiff,                                    ORDER

       v.

LITHIA MOTORS, INC., et al.,

       Defendants.

Aiken, Judge:

       On June 10, 2003, the parties participated in a successful

settlement conference in this employment-related action brought by

plaintiff Kiefer against his employers. As part of that agreement,

plaintiff agreed that he would not engage in any public

disparagement of defendants. Further, the parties agreed that if

a question arose regarding the application of the terms of the

settlement agreement to a particular set of facts or circumstances,

Page 1    ORDER

either party could seek clarification from the court regarding the application of the terms of the settlement to those circumstances to avoid a potential breach of the settlement.

The settlement agreement provided that the undersigned judge retained jurisdiction and authority to implement and enforce the terms and conditions of the settlement agreement and to determine whether a material breach of the settlement has occurred.     If either party is deemed to have committed a material breach, the settlement agreement authorizes the undersigned to impose a monetary sanction in an amount between $0 and $300,000 and to award costs and reasonable attorney fees to the prevailing party.

On December 15, 2005, defendants filed a Motion to Show Cause why plaintiff should not be sanctioned for violating the non-disparagement provision of the settlement agreement, based on messages posted by plaintiff on the Yahoo! Finance Message Board.

On February 16, 2006, the court held an evidentiary hearing on defendants' motion.  Based on evidence presented at the hearing, I find that plaintiff published disparaging comments about defendants in a public forum, and that plaintiff thus materially breached the non-disparagement provision of the settlement agreement.  Notably, plaintiff failed to avail himself of the procedure agreed upon to seek guidance and clarification from the court regarding whether his messages breached the settlement agreement, and as a result, much time, energy, and resources were unnecessarily expended.

Page 2     ORDER

Regardless, I find that it is difficult, if not impossible, to determine whether and in what amount defendants suffered damages as a result of plaintiff's breach.   Therefore, I will consider the amount of the monetary sanction based on the severity of plaintiff's breach.   Further, as the prevailing party in a proceeding to enforce the terms of the settlement agreement, defendants are entitled to costs and reasonable attorneys fees incurred in bringing their Motion to Show Cause.

Therefore, within fourteen days from the date of this order, defendants shall submit appropriate evidence of their costs and fees.  At that time, the court shall issue an order reflecting any monetary sanction imposed, as well as an award of reasonable costs and fees.  Plaintiff's pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated this ___/___ day of March, 2006.


_____
Ann Aiken
United States District Judge