IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH R. KEIFER,                                           Civ. No. 02-3030-TC

    Plaintiff,                                              ORDER

  v.

LITHIA MOTORS, INC., et al.,

    Defendants.

Aiken, Judge:

On June 10, 2003, the parties participated in a successful settlement conference in this employment-related action. As part of the settlement, plaintiff agreed that he will not engage in any public disparagement of defendants. Further, the parties negotiated a specific provision that allows plaintiff to seek guidance or clarification from the court before taking any action that could potentially violate the terms of the settlement. The undersigned judge retains jurisdiction and authority to implement

1    - ORDER

and enforce the terms and conditions of the settlement agreement and to determine whether a material breach of the settlement has occurred. If either party is deemed to have committed a material breach, the undersigned may impose a monetary sanction between $0 and $300,000 and shall award costs and reasonable attorney fees to the prevailing party.

On December 15, 2005, defendants filed a Motion to Show Cause why plaintiff should not be sanctioned for violating the non-disparagement provision of the settlement agreement. On February 16, 2006, the court held an evidentiary hearing on defendants' motion. Based on evidence presented at the hearing, I found that plaintiff published disparaging comments about defendants in a public forum, and that plaintiff materially breached the non-disparagement provision of the settlement agreement. I deferred imposing any sanction until I considered attorney fees.

Defendants seek attorney fees incurred in bringing the Motion to Show Cause, in the amount of $14,848.00. Upon review of defendants' supporting documents and plaintiff's objection, I find $7653.00 a reasonable award, reflecting twenty-five hours work performed by Ms. Potter and 3.3 hours by Ms. Thiebes.

However, as stated in my earlier Order, I find it difficult to determine whether and in what amount defendants were damaged as a result of plaintiff's breach. At the same time, plaintiff failed to follow the procedure outlined in the settlement agreement to

seek guidance from the court as to whether his comments could be considered a violation of the settlement agreement. Not only did plaintiff fail to contact the court, he continued to publish disparaging remarks until contacted by defendants. Therefore, I impose a monetary sanction of $500.00 based on the nature of the breach and plaintiff's failure to consult the court.

Accordingly, defendants' Motion for Attorney Fees (doc. 248) is GRANTED and plaintiff's Motion for Attorney Fees (doc. 246) is DENIED. Defendants are awarded a total of $8,163.00.

IT IS SO ORDERED.

Dated this 11 day of May, 2006.

_____
Ann Aiken
United States District Judge

3    - ORDER